JAMES WOODS ET AL., APPELLANTS, V. THOMAS GARVEY,
APPELLEE.

FILED DECEMBER 5, 1908. No. 15,825.

Intoxicating Liquors: LICENSE: CHARACTER OF APPLICANT. One who
is frequently under the influence of intoxicating liquors, and who
during the preceding year permitted gambling in his place of
business, is not a man of respectable character and standing
within the meaning of section 7150, Ann. St. 1907, and therefore
not entitled to a license permitting him to sell intoxicating
liquors.

APPEAL from the district court for Colfax county:
GEORGE H. THOMAS, JUDGE. *Reversed with directions.*

*C. J. Phelps,* for appellants.

*W. M. Cain, contra.*

EPPERSON, C.

The appellee made application to the city board of
Schuyler for a liquor license for the municipal year end-
ing May 5, 1909. A remonstrance was filed by the appel-
lants, in which, among other things, it was denied that
the applicant was a man of respectable character, and
alleged that he is an habitual drunkard, and that he had
during the preceding year allowed gambling at his place
of business. One witness testified that he had been ac-
quainted with the applicant three or four years, and dur-
ing that time had seen him under the influence of liquor
"a considerable number of times." This was corroborated
by a witness who testified that within the last year he
saw the applicant at one time under the influence of
liquor, and at another time considered him drunk. This
evidence is not sufficient to characterize the applicant as
an habitual drunkard, but is sufficient to show that he is
not a man of respectable character and standing, which
the statute provides that a licensee should be. And one

of his own witnesses testified upon cross-examination as follows: "Q. You have been in there more or less during the last year? A. Yes, sir; I have. Q. What for? A. I have played cards for cigars, beer or chips. Q. And used the chips to pay for cigars, beer or whiskey? A. Yes, sir. Q. And that has been in the last year? A. Yes, sir." None of the evidence above quoted or referred to was contradicted or explained by the applicant, and we presume that he knew of the gambling and permitted it. With such evidence remaining unexplained the city council should have denied his application.

We recommend that the judgment of the district court affirming the order of the city council be reversed and this cause be remanded, with instructions to the district court to enter judgment canceling the license.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, this cause is remanded, with instructions to the district court to enter judgment canceling the license.

REVERSED.